[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John W. Linda W. Linda, and the defendant, Bridgie J. Linda, are co-owners of two parcels of land on Old Colchester Road known as lots 35B and 35B2 Old Colchester Road, Montville, Connecticut. The plaintiff and the defendant own the premises as joint tenants and each has an undivided one-half interest in the premises. The Town of Montville may also claim an interest in the premises for taxes due in the amount of approximately $4,229.51. The plaintiff is bringing an action in partition with respect of the relevant rights of the co-owners. To cut immediately to the chase, the parties testified that they would not oppose a court order conveying lot 35B2 to the plaintiffs as sole owners and lot 35B to the defendant as sole owner by way of partition. The defendant does not oppose such an order based on two conditions.
First, that the conveyance of lot 35B contain a certain right-of-way. She had previously stated that she had a right-of-way and wants it to CT Page 15562 remain in effect if there was any partition of the properties. The other issue the defendant is concerned with is the issue of taxes past due. The court has determined that it would be more appropriate not to order a sale of the property. The court, therefore, orders that each party be obligated to pay one-half the total due taxes. In other words, the court order is that each party equally bear the burden of all taxes due.
With respect to the defendant's claim of a right-of-way, she states that as part of a prior agreement to transfer parcel 35B-1 to the plaintiff's son and daughter-in-law, the plaintiff was supposed to have given back a "right-of-way". She claims it would be inequitable to allow partition without forcing the plaintiff to give her the right-of-way that she presumably claims she needs for access. The court heard evidence in this regard and finds that the defendant has ample access to parcel 35B. Furthermore, the plaintiff denied making any such agreement. The agreement alleged by the defendant concerns a promise of a transfer of an interest in land. As such any agreement would have to be in writing to be enforceable according to C.G.S. § 52-550(a)(4). The defendant admitted that there was no such writing.
Further, any such agreement, if it was made, which the plaintiff denies, had to have been made in 1988 when parcel 35B-1 was transferred to the plaintiff's son and daughter-in-law. The defendant claims that the plaintiff refused to convey this so-called "right-of-way" shortly after the transfer in 1988 yet she did not bring any action until her February 19, 1999 counter claim to this action. Applying this six year statute of limitation in C.G.S. § 52-576, the defendant's claims are too late. Likewise latches would bar the claims. The defendant, in her counter claim, alleges that the mere recording of a map which purportedly shows a "right-of-way" constitutes a grant of a right-of-way to the defendant. The counterclaim does not state a claim upon which relief may be granted and the court finds that there is no legal authority to support a claim that merely recording a map constitutes a transfer of any rights of the defendant.
Accordingly, the court grants the plaintiff's motion for judgment of partition and awards a partition in kind so that parcel 35B2 would be owned solely by the plaintiff and 35B would be owned solely by the defendant. The fact that the parcels are not contiguous does not prevent the court from granting this relief. With respect to the taxes, the court orders that the taxes be divided equally by the two parties.
The court, therefore, orders judgment for the plaintiff in accordance with the proposed order attached with the addition that the parties will each pay one-half the taxes due on both parcels. CT Page 15563
D. Michael Hurley, Judge Trial Referee